JASON C. SCHWARTZ (*pro hac vice application to be submitted*)
   jschwartz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500
Facsimile:  202.467.0539

MICHELE L. MARYOTT, SBN 191993
   mmaryott@gibsondunn.com
CHRIS WHITTAKER, SBN 283518
   cwhittaker@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:    949.451.3800
Facsimile:  949.451.4220

KATHERINE V.A. SMITH, SBN 247866
   ksmith@gibsondunn.com
BRADLEY HAMBURGER, SBN 266916
   bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for Defendant LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

EASTER DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURTIS MEEKS, individually, and on behalf of other individuals similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina, Limited Liability Company and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 2:20-at-00590<br><br>**DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(Removal from the Superior Court of California for the County of Solano, Case No. FCS054750) |

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

Page

I. TIMELINESS OF REMOVAL ................................................................................................ 1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ...................................... 1

      A.     The Proposed Class Consists of More than 100 Members ............................................ 3

      B.     Lowe's and Plaintiff Are Not Citizens of the Same State.............................................. 3

      C.     The Amount in Controversy Exceeds $5 Million ........................................................ 4

           1.     Plaintiff's Allegations Regarding Waiting Time Penalties *Alone* Establish That the Amount in Controversy Exceeds $5 Million ...................... 5

           2.     Plaintiff's Requests for Attorneys' Fees Alone Places More Than $5 Million in Controversy ........................................................................................ 7

           3.     In Total, Just One of Plaintiff's Eight Causes of Action, Including Attorneys' Fees, Places More Than $30 Million in Controversy ..................... 7

III. THE COURT HAS JURISDICTION AND REMOVAL IS PROPER ......................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barcia v. Contain-A-Way, Inc.*,
   2009 WL 587844 (S.D. Cal., Mar. 6, 2009) .................................................................................7

*Campbell v. Vitran Exp., Inc.*,
   471 F. App'x 646 (9th Cir. 2012) ...............................................................................................4

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   135 S. Ct. 547 (2014) .................................................................................................................5

*Guglielmino v. McKee Foods Corp.*,
   506 F.3d 696 (9th Cir. 2007) .................................................................................................4, 7

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ....................................................................................................7

*Johnson v. Columbia Props. Anchorage, LP*,
   437 F.3d 894 (9th Cir. 2006) .................................................................................................3, 4

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ........................................................................................4

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) ......................................................................................4

*LaCross v. Knight Transp. Inc.*,
   775 F.3d 1200 (9th Cir. 2015) ....................................................................................................4

*Mamika v. Barca*,
   68 Cal. App. 4th 487 (1998) .......................................................................................................6

*Marentes v. Key Energy Servs. Cal., Inc.*,
   2015 WL 756516 (E.D. Cal. Feb. 23, 2015) ..............................................................................6

*Pineda v. Bank of Am., N.A.*,
   241 P.3d 870 (2010) ...................................................................................................................5

*Rippee v. Boston Mkt. Corp.*,
   408 F. Supp. 2d 982 (S.D. Cal. 2005) ........................................................................................4

*Rodriguez v. AT&T Mobility Servs. LLC*,
   728 F.3d 975 (9th Cir. 2013) ......................................................................................................4

*Std. Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) ...................................................................................................................4

# TABLE OF AUTHORITIES

Page(s)

*Tajonar v. Echosphere, L.L.C.*,
   2015 WL 4064642 (S.D. Cal. July 2, 2015) ...................................................................................6

**Statutes**

28 U.S.C. § 84..................................................................................................................................8

28 U.S.C. § 1332........................................................................................................1, 2, 3, 4, 8

28 U.S.C. § 1441..................................................................................................................1, 2, 8

28 U.S.C. § 1446.....................................................................................................................1, 9

28 U.S.C. § 1453........................................................................................................................1

California Code of Civil Procedure § 338..................................................................................5

California Code of Civil Procedure § 382..................................................................................2

California Labor Code § 201 .....................................................................................................5

California Labor Code § 202 .....................................................................................................5

California Labor Code § 203 .....................................................................................................5

**Regulations**

California Code of Regulations, tit. 8, § 13520 .........................................................................5

Gibson, Dunn & Crutcher LLP

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF KURTIS MEEK AND HIS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendant Lowe's Home Centers, LLC hereby removes to the United States District Court for the Eastern District of California the above-captioned state court action, originally filed as Case No. FCS054750 in Solano County Superior Court, State of California. Removal is proper on the following grounds:

## I. TIMELINESS OF REMOVAL

1. Plaintiff Kurtis Meek[1] ("Plaintiff") filed a putative Class Action Complaint against Lowe's Home Centers, LLC ("Lowe's" or "Defendant") in Solano County Superior Court, State of California, Case No. FCS054750 on May 22, 2020. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibits A–F to the Declaration of Michele L. Maryott ("Maryott Decl.") are true and correct copies of all process, pleadings, and order served on Lowe's in this matter: (A) Summons, (B) Class Action Complaint, (C) Civil Case Cover Sheet, (D) Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes, (E) Amended Standing Order for Electronic Service of Documents in Complex Litigation, and (F) Notice of Service of Process.

2. Plaintiff served Lowe's by Personal Service on May 28, 2020. *See* Maryott Decl., Ex. F, Notice of Service of Process. Consequently, service was completed on May 28, 2020. This notice of removal is timely because it is filed within 30 days after service was completed. 28 U.S.C. § 1446(b).

## II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Lowe's pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action"

---

[1] While Plaintiff's Complaint is captioned as "Kurtis Meeks," Lowe's employment records reflect Plaintiff's name as "Kurtis Meek."

1  under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Maryott Decl., Ex. B, Compl. ¶¶ 14, 43.

5. Plaintiff seeks to bring a class action on behalf of "[a]ll individuals who were or are employed by" Lowe's "in California during the . . . four years prior to the filing of the complaint" as "[n]on-exempt employees." Maryott Decl., Ex. B, Compl. ¶¶ 43–44.

6. Plaintiff alleges eight causes of action against Lowe's: (1) Failure to Pay Overtime Compensation; (2) Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act; (3) Failure to Pay for All Hours Worked in Violation of California Labor Code §§ 201, 202, 204, and 221–223; (4) Failure to Provide Meal Periods, or Compensation in Lieu Thereof; (5) Failure to Provide Rest Periods, or Compensation in Lieu Thereof; (6) Failure to Furnish an Accurate Itemized Wage Statement; (7) Unfair Competition and Unlawful Business Practices; and (8) Public Nuisance.

7. Plaintiff asks the Court "[f]or an order certifying the proposed Class." *See id.*, Compl., Prayer for Relief ¶ 1.

8. Among other things, Plaintiff alleges that putative class members are entitled to unpaid wages, penalties for missed meal periods and rest breaks, penalties for failure to provide accurate wage statements, waiting time penalties for failure to pay all wages due at termination, and attorneys' fees and costs. *See id.*, Compl., Prayer for Relief.

9. Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

10. Lowe's denies any liability in this case, both as to Plaintiff's individual claims and as to his putative class claims, and further maintains that this action was improperly filed in court because Plaintiff agreed to binding individual arbitration of the claims he has asserted in this action. Lowe's also intends to oppose class certification on multiple grounds, including that (a) Plaintiff must arbitrate his claims against Lowe's individually pursuant to the binding and enforceable arbitration agreement

and class action waiver executed by Plaintiff, and (b) class treatment is inappropriate under these circumstances in part because there are many material differences between the named Plaintiff and the putative class members Plaintiff seeks to represent, as well as amongst the putative class members. Lowe's expressly reserves all rights to move to compel individual arbitration, oppose class certification, and contest the merits of all claims asserted in the Complaint. However, for purposes of the jurisdictional requirements *for removal only*, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

**A.    The Proposed Class Consists of More than 100 Members**

11.    Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class action contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

12.    Plaintiff's proposed class consists of "[a]ll individuals who were or are employed by" Lowe's "in California during the . . . four years prior to the filing of the complaint" as "Non-exempt employees." Maryott Decl., Ex. B, Compl. ¶¶ 43–44. According to Lowe's data, there were approximately 38,767 non-exempt individuals employed by Lowe's in California during the period of May 22, 2016 and May 22, 2020. Declaration of Casey Morales ("Morales Decl.") ¶ 3(a).

13.    Accordingly, while Lowe's denies that class treatment is permissible or appropriate, the proposed class consists of more than 100 members.

**B.    Lowe's and Plaintiff Are Not Citizens of the Same State**

14.    Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

15.    Plaintiff alleges that he "was and currently is, a California resident." Maryott Decl., Ex. B, Compl. ¶ 5. As such, Plaintiff is a citizen of California.

16.    A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Lowe's is a limited liability company organized under the laws of North Carolina and has its principal place of

business in North Carolina. Morales Decl. ¶ 2. Lowe's Companies, Inc. is the sole member of Lowe's and Lowe's is wholly owned by Lowe's Companies, Inc., which is a North Carolina corporation with its principal place of business in North Carolina. *Id.* As such, Lowe's is a citizen of North Carolina. *See* 28 U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899.

**C.    The Amount in Controversy Exceeds $5 Million**

17.   CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. 28 U.S.C. § 1332(d)(6).

18.   The Ninth Circuit applies "a preponderance of the evidence" standard to determine whether removal under CAFA is proper. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). A defendant seeking to remove under CAFA need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional] amount" of $5 million. *Guglielmino*, 506 F.3d at 699. To satisfy this burden, a defendant may rely on a "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). Plaintiffs seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013).

19.   Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

20.   Although Lowe's denies that Plaintiff's claims have any merit, Lowe's avers, for the purposes of meeting the jurisdictional requirements for removal *only*, that if Plaintiff were to prevail

on every claim and allegation in his Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

### 1. Plaintiff's Allegations Regarding Waiting Time Penalties *Alone* Establish That the Amount in Controversy Exceeds $5 Million

21. Lowe's reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation [that the amount in controversy exceeds the jurisdictional threshold]."). But for present purposes, it is sufficient to note that Plaintiff's claim for waiting time penalties pursuant to California Labor Code sections 201 and 202 *alone* puts more than $5 million in controversy.

22. Plaintiff alleges that he and other putative class members who ended their employment with Lowe's during the three year period prior to filing this Complaint[2]—May 22, 2017 to May 22, 2020, *see* Maryott Decl., Ex. B, Compl. ¶¶ 74–82—are entitled to recovery of "penalties," *id.*, Compl. ¶ 82.

23. If an employer fails to pay all wages due to an employee at the time of termination, as required by Labor Code Section 201, or within 72 hours after resignation, as required by Labor Code Section 202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," for up to a maximum of 30 calendar days. Cal. Lab. Code § 203. An employer may not be liable for these penalties if a good faith dispute exists as to whether the wages are owed. Further, to be liable for waiting time penalties, an employer's failure to pay wages within the statutory time frame must be *willful*. "A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer *intentionally* fails to pay wages to an employee when those wages are due." Cal. Code Regs., tit. 8, § 13520 (emphasis added).

---

[2] The statute of limitations for an action for final wages not timely paid under Labor Code sections 201 and 202 is three years. Cal. Civ. Proc. Code § 338(a); *Pineda v. Bank of Am., N.A.*, 241 P.3d 870, 876 (2010).

24. Calculation of waiting time penalties for wages owed requires the calculation of an employee's daily rate of pay, which is then multiplied by a maximum of 30 days, depending on the length of delay in receipt of wages, in order to determine the amount of penalty owed. *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998) (holding that the waiting time penalty is "equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days" and noting that the "critical computation" is "the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days"); *Tajonar v. Echosphere, L.L.C.*, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015). Where final "wages [due] are alleged to have not been paid, the full thirty-days may be used for each of the putative class members." *Marentes v. Key Energy Servs. Cal., Inc.*, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015).

25. Lowe's denies that any such penalties are owed to Plaintiff or any putative class members. However, for purposes of this jurisdictional analysis only, Lowe's relies on Plaintiff's allegations that the penalties are owed.

26. Lowe's employed approximately 19,781 full-time employees between May 22, 2017 to May 22, 2020. Morales Decl. ¶ 3(c). Of those individuals, 8,432 of them resigned or were terminated between May 22, 2017 to May 22, 2020. *Id.* ¶ 3(d). The average hourly pay rate for those 8,432 employees was, during the operative three-year period, $16.30. *Id.* ¶ 3(e).

27. If, as Plaintiff alleges, individuals who left the employment of Lowe's during the three years preceding the filing of the Complaint were owed wages and did not receive them, the amount in controversy with respect to the waiting time penalties for full-time employees alone would be approximately **$24.5 million**, calculated as follows:

| | |
|---|---|
| $16.30 average hourly rate x 6 hours per day:[3] | $97.80 daily rate |
| $97.80 x 30 days maximum penalty: | $2,934 per employee |
| Amount in controversy for waiting time penalties, based on Plaintiff's allegations ($2,934 x 8,432 employees): | **$24,739,488** |

---

[3] This is a conservative estimate based on the fact that full-time Lowe's employees are expected to work a minimum of 30 hours per week. *See* Morales Decl. ¶ 3(c). This calculation does not include any waiting time penalties allegedly owed to part-time employees, which would further increase the amount in controversy.

**2. Plaintiff's Requests for Attorneys' Fees Alone Places More Than $5 Million in Controversy**

28. The foregoing calculations do not take into account attorneys' fees in calculating the total amount in controversy, although attorneys' fees are properly included in the amount in controversy for purposes of evaluating diversity jurisdiction. *See Guglielmino*, 506 F.3d at 700. Under the Ninth Circuit's well-established precedent, 25% of the common fund is generally used as a benchmark for an award of attorney fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *5 (S.D. Cal., Mar. 6, 2009) ("In wage and hour cases, '[t]wenty-five percent is considered a benchmark for attorneys' fees in common fund cases.'"). Here, Lowe's has established that the total amount in controversy is at least $73 million, and Plaintiff has not indicated that he will seek less than 25% of a common fund in attorneys' fees. *See* Maryott Decl., Ex. B., Compl., Prayer For Relief ¶ 11 (seeking attorneys' fees). Although Lowe's has shown that the amount in controversy absent attorneys' fees surpasses the jurisdictional threshold, this Court should nevertheless include the potential attorneys' fees in evaluating jurisdiction. *Guglielmino*, 506 F.3d at 700. Lowe's denies that any such attorneys' fees are owed to Plaintiff or putative class members. However, for purposes of this jurisdictional analysis only, Lowe's relies on Plaintiff's allegations that the attorneys' fees are owed.

29. Using a twenty-five percent benchmark figure for attorneys' fees for Plaintiff's allegations regarding waiting time penalties, alleged Labor Code Section 226 violations, and meal and rest break claims results in estimated attorney's fees of approximately **$6 million**, calculated as follows:

| Conservative Estimate of Amount in Controversy from Waiting Time Claim: | $24,739,488 |
|---|---|
| Attorneys' Fees Benchmark: | 25% |
| Attorneys' Fees: | **$6,184,872** |

**3. In Total, Just One of Plaintiff's Eight Causes of Action, Including Attorneys' Fees, Places More Than $30 Million in Controversy**

30. Plaintiff's allegations regarding waiting time penalties place more than $25.5 million in controversy. And Plaintiff's request for attorneys' fees places more than $6 million in controversy. In

1  total, just one of Plaintiff's eight causes of action, including attorneys' fees on those causes of action, places more than $30 million in controversy.

31. These figures are under-inclusive of the actual amount placed in controversy by Plaintiff's claims because they are based on conservative assumptions about Plaintiff's putative class allegations and do not account for, among other things, any recovery sought for failure to pay overtime compensation (First Cause of Action), failure to pay all wages and overtime compensation under the Fair Labor Standards Act (Second Cause of Action), failure to provide meal periods (Fourth Cause of Action), failure to provide rest periods (Fifth Cause of Action), failure to furnish itemized wage statements (Sixth Cause of Action), unfair and unlawful business practices (Seventh Cause of Action), or public nuisance (Eighth Cause of Action). One or more of Plaintiff's remaining causes of action, as pled in the Complaint, place more than $5 million in controversy.

32. Plaintiff's allegations therefore place more than the requisite $5 million in controversy. Thus, the jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

### III. THE COURT HAS JURISDICTION AND REMOVAL IS PROPER

33. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

34. The United States District Court for the Eastern District of California is the federal judicial district in which the Solano County Superior Court sits. This action was originally filed in the Solano County Superior Court, rendering venue in this federal judicial district and division proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

35. True and correct copies of the A) Summons, (B) Class Action Complaint, (C) Civil Case Cover Sheet, (D) Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes, (E) Amended Standing Order for Electronic Service of Documents in Complex Litigation, and (F) Notice of Service of Process, are attached as Exhibits A–F to the Declaration of Michele L. Maryott filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

36. Upon filing the Notice of Removal, Lowe's will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Solano County Superior Court, pursuant to 28 U.S.C. § 1446(d).

DATED: June 18, 2020

>GIBSON, DUNN & CRUTCHER LLP
>JASON C. SCHWARTZ*
>MICHELE L. MARYOTT
>KATHERINE V.A. SMITH
>BRADLEY HAMBURGER
>CHRIS WHITTAKER
>
>By:  /s/ *Michele L. Maryott*
>          Michele L. Maryott
>
>Attorneys for LOWE'S HOME CENTERS, LLC

* *Pro Hac Vice* application forthcoming

103960288.7